THOMAS B. CLEMENT v. THE WICHITA & SOUTHWESTERN RAILWAY COMPANY.   (Two Cases.)

1.  RAILROAD RIGHT-OF-WAY—*Notice of Proceedings.*   The notice required by ¶ 1395 of the General Statutes of 1889 to be given in proceedings to condemn the right-of-way for a railroad may be given and signed by the commissioners appointed to make the condemnation.

2.  REPORT OF COMMISSIONERS — *Evidence.*   The commissioners may properly embody in the report which they file with the county clerk a statement of their doings with reference to giving notice of the time when they will proceed to lay off the route of the railroad, and such recitals are *prima facie* evidence of the facts therein stated.

3.  RECITALS IN REPORT—*Prima Facie Evidence of Notice.*   Recitals in the report of the commissioners appointed to condemn a right-of-way showing the following facts: "Afterward, on the 1st day of July, 1887, we caused to be published in the *Sumner County Standard*, a newspaper published in said Sumner county, a notice, of which the following is a copy," — following which is a notice that they will proceed to lay off the route on the 30th day of July, 1887, which notice is dated at the bottom "June 28, 1887," and signed by the commissioners; after this comes the following recital: "Which said notice was published for 30 days before the time fixed for proceeding to lay off

said route; and afterward, on, to wit, the 30th day of July, 1887, at the time and place mentioned in said notice aforesaid, we met, organized, and adjourned to meet at the same place on the 3d day of August, 1887"—having been acted on by the commissioners as a valid notice, and so construed by the district court, *held*, to show *prima facie* that 30 days' notice was given, as required by the statute.

### *Error from Sumner District Court.*

THESE were actions brought by *Thomas B. Clement*, as plaintiff, against W. A. Black, *The Wichita & Southwestern Railway*, and others, to foreclose mortgages on two tracts of land in Sumner county. The mortgage in the first case was executed by Black on the 24th of February, 1887, to secure a note for $4,000, and that in the other case was executed by the same party on the same day to secure a note for $5,000. Judgment was rendered against Black for the amount of the notes and foreclosure of the mortgages, and sale of all of the lands except that claimed for a right-of-way by the railway company. The railway company claimed title to that part of the land occupied by it for a right-of-way by virtue of condemnation proceedings instituted in June, 1887, and the payment to the county treasurer of the damages awarded by the commissioners appointed to condemn the right-of-way. At the November term, 1889, the trial court found in favor of the railway company, and the plaintiff brings the cases here.

*W. W. Schwinn*, and *L. Nebeker*, for plaintiff in error.

*A. A. Hurd*, *Robert Dunlap*, and *O. J. Wood*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The only question in this case is as to the validity of the condemnation proceedings under which the defendant in error claims to have acquired its right-of-way as against the lien of the mortgagee. On the trial, the defendant introduced in evidence the application for an order of appointment of commissioners to condemn the right-of-way, the report of the commissioners, and proof of payment of the amount of

the award to the county treasurer, and of its receipt by Black, the mortgagor. The only proof offered with reference to the publication of the notice required by ¶ 1395 of the General Statutes of 1889, of the time when the commissioners would proceed to lay off the route and assess damages, was the recitals contained in the report of the commissioners. It is urged that this notice is jurisdictional; that the commissioners had no right to proceed until after it had been given; that the facts with reference to the notice are not matters required to be embodied in the report; and that it therefore furnishes no evidence of such facts. We have held, in accordance with the clear import of the statute, that notice is essential to the validity of the condemnation. ( *K. C. & S. W. Rly. v. Fisher,* ante, p. 512.) The statute fails to designate the person by whom the notice shall be given. It simply says " that notice of the time and place when the same shall be commenced shall be given," etc. As the condemnation is to be made by the commissioners, and claims for damages are

1. Railroad right of-way—notice of proceedings.

to be made in the first instance to them, we think a notice signed by the commissioners officially is clearly sufficient. It is not necessary to decide now whether notice given by anyone else would be valid or not, for the notice recited in the report was signed by the commissioners. Paragraph 1391, General Statutes of 1889, provides that upon application the board shall proceed to lay off the route and assess damages, and that they shall embody all such doings in a written report, and file it in the office of the county clerk. The provision for giving the notice is in a subsequent section.

As we are of the opinion that the notice may properly be given by the commissioners in their official capacity, and as no other provision is made for a record of proof of the fact that publication has been made, we think it fairly comes within

2. Report of commissioners —evidence.

the proper range of the duties of the commissioners to state in their report what they have done with reference to giving notice, and that recitals contained in their reporting with reference thereto

are evidence of the facts therein stated. The commissioners in this case were appointed by the judge of the district court. While their power to proceed to condemn the right-of-way depended on the publication of the statutory notice, their appointment as commissioners was valid, and made them officers for that purpose without reference to the notice. The act of giving the notice was an official act as much as any of the subsequent proceedings. As no other proof was offered at the trial, the case must be decided on the recitals in the commissioners' report, and the only remaining question is, whether these recitals show publication of the notice for 30 days before the time fixed for proceeding to condemn the land. After reciting their appointment and taking the oath of office on the 28th day of June, 1887, the report proceeds to state:

"And afterward, on the 1st day of July, 1887, we caused to be published in the *Sumner County Standard*, a newspaper published in said Sumner county, a notice, of which the following is a copy."

Then follows a copy of a notice fixing the 30th day of July, 1887, at 9 o'clock A. M., as the time when they would proceed to lay off the route, etc. This notice is dated, at the bottom, the 28th day of June, 1887, and signed by the commissioners. The report then proceeds:

" Which said notice was published for 30 days before the time fixed for proceeding to lay off said route, and afterward, and on, to wit, the 30th day of July, 1887, at the time and place mentioned in said notice aforesaid, we met, organized, and adjourned to meet at the same place on the 3d day of August, 1887."

If from this report we are to understand that the first publication was made on the 1st of July, then, according to the statutory rule for the computation of time (Civil Proc., § 722), but 29 days' notice was given. The majority of the court are of the opinion, however, that the report, as a whole, shows that the proper notice was given. The commissioners qualified on the 28th of June, and the notice bears that date at the bottom. The report does not state that the first publication

was on the 1st day of July, nor does it state that the *Sumner County Standard* was published weekly. The subsequent recital that the notice was published for 30 days before the time fixed for proceeding to lay off the route, coupled with the further fact that the commissioners, who could act only after having given the proper notice, did act, is deemed, especially after having been so construed by the trial court, as a sufficient showing that proper notice was given. There are authorities holding that where the performance of a prior act by an officer or board is essential to the validity of a subsequent act, the performance of the subsequent act by the officer or board raises the presumption of the due performance of the prior one. (*Knox Co. v. National Bank*, 147 U. S. 91.)

3. Recitals in report—prima facie evidence of notice.

The individual view of the writer is, that the fair and reasonable construction of the commissioners' report is, that the notice was written out, dated and signed by the commissioners on the 28th day of June; that it was first published in the newspaper on the 1st day of July — only 29 days before the board convened; that the subsequent recital that it was first published for 30 days before the time fixed for laying off the route is not sufficient to overcome the statement that it was published on the 1st day of July; that the two taken together show that the commissioners committed an error in their computation of time by including both the day of the first publication and of the meeting of the commissioners to condemn the land. It is not shown whether the *Sumner County Standard* was a daily paper or a weekly paper. If it was a weekly paper, then, if the recital that it was published on the 1st of July is true, it follows that a notice dated the 28th day of June could not have been published 30 days before the 30th day of July. It is claimed that no question was raised on the trial as to the sufficiency of the notice, but that the contention there was, that the rights of the mortgagee could not be cut off by the condemnation proceedings without compensation having been awarded to him, and that this position was abandoned because of the decision

in *Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 355.   The fact that no proof aside from the commissioners' report was offered as to the time when the first publication was in fact made would seem to support this claim.   Upon the construction of the report of the commissioners by the majority of the court, the judgments in both cases are affirmed.

JOHNSTON, J., concurring.

ALLEN, J., dissenting.

HORTON, C. J.: I concur in the affirmance of the judgment of the district court, for the reasons stated in the foregoing opinion and several others.   If the notice referred to was not published for 30 days before the time fixed for laying off the right-of-way, as stated in the official report of the commissioners, it could have been shown by plaintiff below, outside of the written report.   Upon the judgment rendered, and the action of the commissioners, all the presumptions are favorable to the regularity of the proceedings of condemnation, and, in the absence of any evidence *aliunde* the written report, it cannot be said the proceedings were irregular.   If there was any evidence existing showing that the requisite notice was not given, it is strange it was not offered upon the trial, after the report was received as *prima facie* evidence.   (19 Am. & Eng. Encyc. of Law, 42–50; *Muir v. City of Glasgow Bank*, 4 L. R. App. Cas. 356; *Knox Co. v. National Bank*, 147 U. S. 91–97; also, *Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 355.)   If the *Sumner County Standard* was a daily paper, there was sufficient time from the 28th of June for the 30 days' publication before the 30th day of July, and the record contains the positive statement that the notice was published 30 days before July 30, 1887.

Again, it would be unfair to the trial court to dispose of this case in this court upon the insufficiency of the notice, if that matter was not presented on the trial.